**Erie Insurance Exchange v. J.V.**

C.P. of Monroe County, no. 7929 CV 2009.

*David R. Friedman,* for plaintiff.
*Joseph A. Murphy,* for defendant J.V.
*David W. Skutnik,* for defendants Bayne and DePack.

ZULICK, *J.,* July 7, 2010—This case arises out of a house fire that occurred at 159 Brian Lane, Effort, Pennsylvania on September 3, 2008. The house was insured by plaintiff, Erie Insurance Exchange. This subrogation

lawsuit seeks recovery for property damages against two minors, J.V. and M.B., and their parents. Erie alleges that the fire was caused by the negligence and carelessness of the Voccia parents and the intentional or negligent acts of the minors.

Erie filed notice of intent to serve subpoenas upon several providers including the Monroe County Juvenile Probation Department. On April 27, 2010, the Voccias objected to the subpoena on the grounds that the information contained in the juvenile records of J.V. is protected from disclosure by statute. The Voccias also argue that the subpoena seeks information which is not reasonably calculated to lead to discovery of admissible evidence. On May 17, 2010, Erie filed a motion to strike Voccia defendants' objection to service of subpoena. Voccias filed an answer and memorandum on June 15, 2010. A hearing was held on June 30, 2010.

## DISCUSSION

42 Pa. C.S. §6354 provides:

"*(a) General rule.*—An order of disposition or other adjudication in a proceeding under this chapter is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment.

"*(b) Effect in subsequent judicial matters.*—The disposition of a child under this chapter may only be used against him:

"(1) in dispositional proceedings after conviction for the purposes of a presentence investigation and report if the child was adjudicated delinquent;

"(2) in a subsequent juvenile hearing, whether before or after reaching majority;

"(3) if relevant, where he has put his reputation or character in issue in a civil matter; or

"(4) in a criminal proceeding, if the child was adjudicated delinquent for an offense, the evidence of which would be admissible if committed by an adult." 42 Pa.C.S. §6354.

The current case does not fall within any of the categories included in 42 Pa.C.S. §6354. This suit is not a dispositional proceeding, a subsequent juvenile proceeding, a civil case where J.V.'s reputation or character is in issue, nor is it a criminal proceeding.

42 Pa. C.S. §6307 protects the privacy of records relating to juvenile matters. It provides the following.

"*(a) General rules*—All files and records of the court in a proceeding under this chapter are open to inspection only by:

"(1) The judges, officers and professional staff of the court.

"(2) The parties to the proceeding and their counsel and representatives, but the persons in this category shall not be permitted to see reports revealing the names of confidential sources of information contained in social reports, except at the discretion of the court.

"(3) A public or private agency or institution providing supervision or having custody of the child under order of the court.

"(4) A court and its probation and other officials or professional staff and the attorney for the defendant for

use in preparing a presentence report in a criminal case in which the defendant is convicted and who prior thereto had been a party to a proceeding under this chapter.

"(5) A judge or issuing authority for use in determining bail, provided that such inspection is limited to orders of delinquency adjudications and dispositions and petitions relating thereto, orders resulting from disposition review hearings and histories of bench warrants and escapes.

"(6) The Administrative Office of Pennsylvania Courts.

"(6.1) The judges, officers and professional staff of courts of other jurisdictions when necessary for the discharge of their official duties.

"(6.2) Officials of the department of corrections or a state correctional institution or other penal institution to which an individual who was previously adjudicated delinquent in a proceeding under this chapter has been committed, but the persons in this category shall not be permitted to see reports revealing the names of confidential sources of information contained in social reports, except at the discretion of the court.

"(6.3) A parole board, court or county probation official in considering an individual's parole or in exercising supervision over any individual who was previously adjudicated delinquent in a proceeding under this chapter, but the persons in this category shall not be permitted to see reports revealing the names of confidential sources of information contained in social reports, except at the discretion of the court.

"(6.4) The board for use in completing assessments.

"(7) With leave of court, any other person or agency or institution having a legitimate interest in the proceedings or in the work of the unified judicial system." 42 Pa.C.S. §6307.

The only provision applicable in this case is "[w]ith leave of court, any other person or agency or institution having a legitimate interest in the proceedings or in the work of the unified judicial system." 42 Pa.C.S. §6307(a)(7). Erie argues that the information in the juvenile records is relevant and critical for an accurate and thorough evaluation of this matter. The Voccias argue that the information is statutorily protected and does not fall into any of the exceptions, as Erie does not have a legitimate interest in the juvenile court proceedings.

The Pennsylvania Superior Court addressed this issue in *V.B.T. v. Family Services of Western Pennsylvania*, 705 A.2d 1325 (Pa. Super. 1998). In that case, the plaintiffs, parents of a child who had allegedly been physically and sexually abused by a neighbor's foster child, brought a tort action against the foster parents and the agency that placed the child. *Id.* at 1327. They sought discovery of the juvenile court proceedings brought against the foster child. *Id.* The Superior Court ruled that plaintiffs were not entitled to the records under the terms of the Juvenile Act, holding that plaintiffs' claim of negligent supervision of the foster child did not overcome the privileges provided under the Juvenile Act. *Id.*

The Court of Common Pleas in Allegheny County also addressed the issue of the confidentiality of juvenile records in regards to civil lawsuits. In *N.H. v. L.W.*, 43 D.&C.4th 105, 106 (Allegheny Cty. 1999), plaintiffs

sought recovery for their minor child based on allegations that the child was sexually abused by a minor defendant and that the defendant parents failed to supervise and monitor their child even though they allegedly knew or should have known that he had deviant sexual propensities. A motion to quash a subpoena was granted because plaintiff did not come within the seven categories listed in 42 Pa.C.S. §6307. *Id.* at 113. "If the legislature wanted to permit private parties who bring civil actions against minors to obtain relevant information regarding a related delinquency proceeding, it would have made court files and records available to the parties." *Id.* at 112.

Here, Erie is similarly attempting to obtain information from juvenile records to prosecute a claim that the Voccia parents were negligent in supervising their son, which lead to the fire that damaged the Klotz home. The Pennsylvania Superior Court has ruled in *V.B.T., supra,* that juvenile records may not be obtained for this purpose, even though portions of the file may be very relevant to a plaintiff's case.

## ORDER

And now, July 7, 2010, following a hearing, it is ordered that the Voccia defendants' objection to the subpoena for J.V.'s juvenile records is sustained and the subpoena is quashed.